UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN D. JONES, JR.,

       Petitioner,                                  Civil Action No. 09-CV-13612

vs.                                         HON. BERNARD A. FRIEDMAN

DEBRA SCUTT,

       Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

           The petitioner, John D. Jones, Jr., currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for uttering and publishing. Petitioner was convicted on April 8, 2008, and sentenced as a habitual offender to 46 months' to 40 years' imprisonment. Petitioner filed an appeal with the Michigan Court of Appeals on September 22, 2008. According to the Michigan Court of Appeals' website, that case (case number 287910) remains pending.

           On September 14, 2009, the petitioner filed the instant application, seeking habeas relief on the following grounds:

        I. Whether the complaint was validly executed and compliant with legal requirements.

        II. Whether the arrest warrant was validly executed and compliant with legal requirements.

        III. Whether the Muskegon County district and circuit courts had jurisdiction to conduct a criminal prosecution of the petitioner.

IV. Whether the petitioner's parole was illegally extended based on restitution indebtedness.

The instant petition must be dismissed without prejudice because the petitioner has not exhausted his remedies in the state courts. A state prisoners must present his claims to the state courts before raising them in a federal habeas corpus petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *See id.* at 845. This means that state prisoners in Michigan must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before they can raise them in a federal habeas corpus petition. *See Sanders v. McKee*, 276 F. Supp.2d 691, 693 (E.D. Mich. 2003). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Sitto v. Bock*, 207 F. Supp.2d 668, 675 (E.D. Mich. 2002). The habeas court may raise a petitioner's failure to exhaust state court remedies *sua sponte*. *See Benoit v. Bock*, 237 F. Supp.2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Failure to exhaust is excused only if the petitioner has no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render exhaustion futile. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *See Doty v. Lund*, 78 F. Supp.2d 898, 901 (N.D. Iowa 1999). In the present case, petitioner has made neither showing. As noted, petitioner filed his appeal with the Michigan Court of Appeals on September 22, 2008, and that appeal remains pending.

2

Under these circumstances, the court concludes that the petition must be summarily dismissed for failure to exhaust state court remedies.  Accordingly,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is dismissed without prejudice.

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Dated: September 24, 2009
     Detroit, Michigan

3